**Lydia AROMIN, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Commissioner, Social Security Administration,\* Defendant–Appellee.**

No. 99–16749.
D.C. CV–98–0658–WBS–PAN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided Sept. 4, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM \*\*

Lydia Aromin appeals the judgment of the district court affirming a denial of her

---

\* Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

application for social security disability benefits by the Commissioner of the Social Security Administration (Commissioner). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

We review *de novo* the district court's judgment affirming the Commissioner's denial of benefits. We must affirm the denial of benefits if the Commissioner's decision is (1) free of legal error and (2) supported by substantial evidence. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996).

■ The Administrative Law Judge ("ALJ") accepted the undisputed medical evidence that Aromin suffers from a severe physical impairment–cervical spinal stenosis. Nonetheless, the ALJ found that Aromin was capable of performing relevant past work as a claims development clerk, a position classified as sedentary work.[1]

Aromin first argues that the ALJ accorded insufficient deference to the medical opinions of her treating physician, Dr. Alan Tempkin. We find no merit in this contention. The ALJ gave specific, legitimate reasons for declining to accept the conclusions of Dr. Tempkin's August 1996 report, the only report submitted by Dr. Tempkin prior to the ALJ's decision. *See Morgan v. Apfel*, 169 F.3d 595, 600–601 (9th Cir.1999). Although Dr. Tempkin submitted additional reports after the ALJ's decision, they do not require a different result, because those latter reports do not relate to Aromin's pre-decision medical condition and thus to the period of disability claimed in the administrative proceedings. *See* 20 C.F .R. § 970(b).

■ Next, Aromin contends that the ALJ's analysis of her subjective complaints of pain was deficient. We agree with this contention. Subjective complaints of pain must be analyzed under the standards established in *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir.1986); *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir.1991) (en banc); and *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). Under *Smolen*, "[t]he claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof.... Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom." *Smolen*, 80 F.3d at 1282 (citing *Bunnell*, 947 F.2d at 345, 347–48). Rather, as explained in *Smolen*, "the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.... Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could have reasonably caused some degree of the symptom." *Smolen*, 80 F.3d at 1282 (citations omitted) (emphasis added). In sum, "the ALJ may not reject subjective symptom testimony under the *Cotton* analysis simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged." *Id.* (emphasis original).

Because Aromin produced objective medical evidence of an underlying impair-

---

1. The district court affirmed the ALJ on the alternate basis that Aromin "had not followed prescribed treatment which might have relieved her of her impairment." However, the ALJ did not make any findings on this issue; nor did he rely upon any failure by Aromin to follow a prescribed course of treatment to find that Aromin was not disabled. Under these circumstances, it was improper for the district court to rely on this ground to affirm the ALJ's decision. *See Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir.1991) (holding that "[a] reviewing court can evaluate an agency's decision only on the grounds articulated by the agency").

ment that could reasonably be expected to produce some degree of pain, and because there is no evidence of malingering, the ALJ could reject Aromin's testimony about the severity of her pain only by offering specific, clear and convincing reasons for doing so. *Id.* at 1281–82. In explaining his reasoning, the ALJ was required to make findings "sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the] claimant's testimony regarding pain." *Bunnell*, 947 F.2d at 346 (internal quotations omitted). Further:

> In evaluating the credibility of [a] claimant's testimony, the ALJ must consider the factors set out in [SSR] 95–5p. The factors in SSR 95–5p include daily activities and the adjudicator's personal observations of the claimant. [SSR 95–5p]. With respect to daily activities, this court has held that if a claimant is able to spend a *substantial part* of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.

*Vertigan v. Halter*, 260 F.3d 1044, 1046 (9th Cir.2001) (internal quotation marks and citation omitted).

The ALJ reviewed Aromin's testimony concerning her subjective complaints of pain, the limitations she claimed to experience, and the activities she acknowledged. He then stated that the daily activities she acknowledged "are not consistent with the claimant's reported inability to stand, sit, or walk for more than 20 minutes at a time." And he set forth his analysis by stating:

> Given that the objective medical findings of record do not support the claimant's degree of pain alleged, the fact that the claimant continues to live independently, and is able to perform daily activities consistent with 'sedentary' work, the undersigned finds that the claimant's allegation of a total inability to work and an inability to perform sedentary work, is not credible.

Although the ALJ noted that the objective medical evidence did not support the degree of pain alleged by Aromin, he did not rely solely on that ground to discredit her testimony. We conclude, however, that the additional reasons specified by the ALJ for rejecting her testimony were neither convincing nor supported by adequate findings. The ALJ cited Aromin's daily activities, such as attending church twice a week and driving twice a week for short distances, that at most suggest that Aromin sometimes can stand, sit, or walk for more than twenty minutes without rest. The ALJ, however, failed to determine whether these "daily activities" consumed a substantial part of her day and whether her physical activities are transferable to a work environment. *See Vertigan*, at 1048 (concluding that, where the ALJ failed to determine whether daily activities "consume[d] a substantial part of [the claimant's] day" and whether the activities were "transferable to the work setting," the ALJ's basis for rejecting the claimant's credibility was inadequate). Indeed, other evidence in the administrative record, which the ALJ neither accepts nor rejects, suggests that prolonged sitting would be a significant problem for Aromin. For example, the ALJ acknowledges Aromin's testimony that, with regularity, the pain requires her to "spend[ ] much of the day lying down," but he fails to offer reasons either for discrediting that testimony or for believing that she can perform sedentary work, notwithstanding this limitation. Presumably, Aromin would have to be able to sit for extended periods of time in order

to perform sedentary work. *See Tackett v. Apfel,* 180 F.3d 1094, 1103 (9th Cir.1999) (noting that "[s]edentary work contemplates work that involves the ability to sit through most or all of an eight hour day").

And the fact that Aromin still "lives independently"–without any elaboration on the activities in which she engages and comparison with the activities characteristic of sedentary work–is not significantly probative of her ability to meet work requirements. As we have previously noted, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

We reverse and remand to the district court to remand to the Commissioner. Upon remand, the ALJ must reevaluate Aromin's subjective complaints of pain, recognizing that she is not required to present objective medical evidence of the severity of her pain. If the ALJ again discredits her testimony, he must support such a finding with clear and convincing reasons. The conclusory reasons noted above are insufficient. In undertaking this task, the ALJ should consider all the evidence in the record, and where appropriate, supplement the record with additional evidence.

REVERSED AND REMANDED.